IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Starke, #355498, and HRS, | C/A No.: 1:15-2621-JMC-SVH |
| Plaintiffs, | |
| vs. | |
| Aiken County Department of Social Services; Aiken County Sheriff's Department; George A. Anderson, Attorney at Law; South Carolina Department of Correction; and Aiken County Detention Center (Jail), | REPORT AND RECOMMENDATION |
| Defendants. | |

Isaac Starke ("Plaintiff"),[1] proceeding pro se and in forma pauperis, is an inmate incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this action pursuant to 42 U.S.C. § 1983 alleging that SCDC, Aiken County Department of Social Services ("ACDSS"), Aiken County Sheriff's Department ("ACSD"), Aiken County Detention Center ("ACDC") and Attorney George A. Anderson (collectively "Defendants") violated his and his daughter's constitutional rights.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

---

[1] Plaintiff also lists his minor daughter, H.R.S., as a plaintiff. As discussed more fully infra, Plaintiff cannot proceed pro se to litigate his daughter's claims.

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges he was arrested on October 17, 2012, and charged with criminal sexual conduct with a minor and lewd act on a minor, second and third degree. [ECF No. 1 at 4]. Plaintiff's 11-year-old daughter, H.R.S, was the alleged victim, and was placed in protective foster care with the ACDSS.  [ECF Nos. 1 at 4; 1-7]. Plaintiff claims his daughter was raped while in ACDSS custody, and states his daughter was brainwashed to believe he caused the rapes, making it impossible for him to get a fair trial. [ECF No. 1 at 4–6]. Plaintiff claims his attorney, Anderson, promised him he would receive a sentence of four years or less if he pled guilty. *Id.* at 6. Plaintiff alleges he was instead sentenced to 15 years without parole. *Id.* Plaintiff states he has a pending PCR application concerning his sentence. *Id.* Plaintiff alleges Anderson improperly represented Plaintiff, his wife, and his daughter at the same time. *Id.* at 8.

Plaintiff contends ACDC committed malpractice by prescribing him Zoloft for anxiety when the drug was not approved by the FDA for his condition. *Id.* Plaintiff alleges the drug caused him to jerk uncontrollably and cry all day and night. *Id.* Plaintiff also claims he was not allowed to call Anderson between his two days of trial. *Id.* Plaintiff argues ACSD sent investigators to blackmail his wife so she would not sue ACDSS. *Id.* Plaintiff says ACSD and ACDSS interrogated him without his attorney present even though he asked for his attorney. *Id.* at 9. Plaintiff alleges he and his wife

2

hired an attorney to file a lawsuit on his daughter's behalf. *Id.* Plaintiff says the attorney's investigation revealed ACSD failed to arrest the perpetrators who raped his daughter to cover up the negligence of ACDSS. *Id.* Plaintiff states ACSD did not reply to his request for a copy of the police reports related to his daughter's rape. *Id.* Plaintiff alleges his legal documents, including the police reports of his daughter's rapes, were lost when he was transferred from McCormick Correctional Institution ("MCI") to PCI. *Id.* at 10. Plaintiff claims the documents were not returned despite his requests to MCI and PCI. *Id.* Plaintiff alleges he was strip-searched and a female officer pointed at his anatomy and laughed at him. *Id.* Plaintiff states PCI officers are destroying his outgoing legal mail and his requests to staff. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 11.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

        1.    Party may not litigate minor child's claims

As an initial matter, Plaintiff cannot proceed pro se on behalf of his daughter, H.R.S. Plaintiff does not allege that he is an attorney who is licensed to practice in South Carolina, and while he has the authority to litigate his own claims pro se, *se*e 28 U.S.C. § 1654, he does not have the authority to litigate on another's behalf. *See Myers v. Loudoun*

4

*Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.").

    2. Improper Defendant (ACDC)

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Plaintiff names ACDC, a facility primarily used to house inmates serving state sentences, as a defendant. Because ACDC is not a person amenable to suit under § 1983, ACDC should be summarily dismissed.

    3. Sovereign Immunity (SCDC, ACSD, ACDSS)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to

arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Sheriffs' departments in South Carolina are considered state agencies. *See Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county."). ACDSS is an office of the Department of Social Services, which is also a state agency. Because SCDC, ACSD, ACDSS are all state agencies or divisions of state agencies, they are entitled to sovereign immunity, and the undersigned recommends they be summarily dismissed from this action.

        4.      No State Action (Anderson)

Plaintiff alleges Anderson failed to provide him with effective legal representation. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 319–24 nn.8–9, 12–14 (1981). As the performance of traditional legal functions does not constitute state action under § 1983, Anderson is entitled to summary dismissal from this case.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

August 19, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).